UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KENT, | No. 2:15-cv-1924 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| U.C. DAVIS MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis (ECF No. 2) and appointment of counsel (ECF No. 7). Plaintiff has also filed a motion to compel (ECF No. 8), two motions for modification of sentence (ECF Nos. 10, 16), and an opposition to a motion for summary judgment (ECF No. 13). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.     Request for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he his incarceration inhibits his ability to litigate this case, he has limited access to the law library, he has limited knowledge of the law, and an attorney would be better able to present his case.  ECF No. 7 at 2.  These circumstances are common to most prisoners and are therefore not exceptional.  Moreover, the complaint is being dismissed with leave to amend, so at this time the court is unable to determine plaintiff's likelihood of success on the merits or whether plaintiff has a cognizable claim.  For these reasons, plaintiff's request for counsel will be denied at this time.

## III.    Miscellaneous Filings

Plaintiff has filed a motion to compel (ECF No. 8), two motions to modify his sentence (ECF Nos. 10, 16), and a response to a motion for summary judgment (ECF No. 13).

Defendants in this case have not been served and the court has not set a schedule for discovery. Plaintiff's motion to compel is therefore premature and will be denied.

Plaintiff's two motions to modify his sentence will be stricken from the record and returned to plaintiff. The instant action is a civil rights claim for deliberate indifference to plaintiff's serious medical needs. A modified criminal sentence is not an available remedy in a civil rights action. If plaintiff wants to pursue habeas relief, he must do it in a separate action. Additionally, although both motions are labeled with the case number for this action, they are captioned for the Sacramento County Superior Court, indicating that the motions may have been sent to this court by mistake.

Finally, plaintiff's opposition to defendants' motion for summary judgment will also be stricken from the record and returned to plaintiff. As noted above, no defendants have been served in this case, meaning no defendants have filed a motion for summary judgment in this case. It appears that plaintiff may filed this document in this case by accident.

Going forward, plaintiff should take care to ensure he is sending his filings to the proper court and labeling them with the correct case number.

IV.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded,

3

has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

V.     Allegations of the Complaint

The complaint alleges that defendant Horowitz either misdiagnosed plaintiff as having a kidney infection or misdiagnosed his kidney infection as something else.  ECF No. 1 at 3.  The misdiagnosis allegedly led to a delay in treatment despite plaintiff's unspecified complaints.  Id.  Plaintiff was eventually sent to UC Davis where he had surgery to remove his kidney.  Id.  After the surgery plaintiff noticed that his stomach was bloated and two weeks later the pain caused him to pass out.  Id.  Plaintiff alleges that the surgery was "botched."  Id.

4

VI.     Failure to State a Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Plaintiff's general allegations that he was misdiagnosed and that his surgery was "botched" suggest, at most, medical malpractice, which does not state a claim under the Eighth

5

Amendment.  Plaintiff has not alleged any facts that show that defendant Horowitz was aware of his serious medical condition and intentionally ignored the risk to his health or that medical staff at UC Davis intentionally failed to act or acted in a way that caused problems with his surgery.  However, because plaintiff may be able to allege additional facts that would demonstrate that defendants were deliberately indifferent to his medical needs, he will be given an opportunity to amend the complaint.

VII.   Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

VIII. <u>Summary</u>

Plaintiff's request to proceed in forma pauperis is granted.

Plaintiff's motion for counsel and motion to compel are both denied.

Plaintiff's motions to modify his sentence and his opposition to defendants' motion for summary judgment are stricken from the record and will be returned to plaintiff. Plaintiff should make sure he is sending his documents to the right court and that they are labeled with the correct case name and number.

The complaint is dismissed with leave to amend because the facts plaintiff has alleged are not enough to state a claim for relief. Plaintiff needs to provide more information about what defendants did and how it violated his rights. He must state facts that show that defendants knew about his serious medical needs and that they ignored the risk. For example, if plaintiff believes that his complaints to defendant Horowitz notified her of a serious problem and she ignored him, he should provide more information about what he told her and how she responded. If plaintiff continues to make claims against UC Davis, he should identify the members of the staff, by name if possible, who he believes caused or ignored the risk to his health and explain how they caused or ignored the risk.

If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to appoint counsel (ECF No. 7) is denied.

4.  Plaintiff's motion to compel (ECF No. 8) is denied.

5.  The Clerk of the Court is directed to strike plaintiff's motions for modification of sentence (ECF Nos. 10, 16) and opposition to defendants' motion for summary judgment (ECF No. 13) from the record and return the documents to plaintiff.

6.  The complaint is dismissed with leave to amend.

7.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

8.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: August 9, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8