UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KENT, | No. 2:15-cv-1924 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| U.C. DAVIS MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona,

1

885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Second Amended Complaint

The complaint alleges that "plaintiff was [a] surgical patient under the care of Dr. Pevec and the U.C. Davis team."  ECF No. 22 at 1.  After surgery, plaintiff's incision became infected and developed into an abscess.  Id. at 1-2.  It was left untreated for over four months despite

1  plaintiff's requests for a follow-up.  Id. at 2.  Plaintiff further alleges that due to defendant
2  Pevec's negligence, his sutures were left exposed and he did not receive proper follow-up and
3  removal.  Plaintiff alleges that he suffered for over four months as a result of Pevec's "lack of
4  management."  Id. at 2.

5     III.     Failure to State a Claim

6  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
7  must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,
8  1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires
9  plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's
10 condition could result in further significant injury or the unnecessary and wanton infliction of
11 pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (quoting
12 McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations
13 marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th
14 Cir. 1997) (en banc)).

15     Deliberate indifference is established only where the defendant *subjectively* "knows of and
16 disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057
17 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate
18 indifference can be established "by showing (a) a purposeful act or failure to respond to a
19 prisoner's pain or possible medical need and (b) harm caused by the indifference."  Jett, 439 F.3d
20 at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high
21 risk of harm that is either known or so obvious that it should be known") is insufficient to
22 establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5
23 (1994) (citations omitted).

24     A difference of opinion between an inmate and prison medical personnel—or between
25 medical professionals—regarding appropriate medical diagnosis and treatment is not enough to
26 establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);
27 Toguchi, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in
28 diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

1  under the Eighth Amendment.  Medical malpractice does not become a constitutional violation
2  merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.
3       Although plaintiff alleges that he was left to suffer with an infected incision site for over
4  four months as a result of defendant Pevec's actions, the allegations do not specify or support the
5  inference that Pevec knew of and disregarded a risk of harm to plaintiff.  Plaintiff appears to
6  allege that defendant Pevec was his surgeon at U.C. Davis and failed to provide proper aftercare.
7  ECF No. 22 at 1.  However, it also appears that plaintiff was returned to prison after his surgery.
8  Id. at 2.  It is unclear how defendant Pevec would have been aware of plaintiff's condition or his
9  complaints and requests for treatment once plaintiff was returned to prison.  Plaintiff's allegation
10 that his injuries were due to defendant Pevec's "lack of management" further indicates that
11 plaintiff may be alleging that Pevec failed to supervise the individuals who were actually
12 responsible for plaintiff's aftercare, which is not sufficient to state a claim for deliberate
13 indifference based on the current facts.  Id.  In order to state a claim for deliberate indifference,
14 plaintiff must allege specific facts that show that defendant Pevec knew of and ignored a serious
15 risk to plaintiff's health or safety.  Plaintiff's general claims that he was denied a follow-up and
16 that defendant Pevec was negligent are not enough to establish deliberate indifference.
17 Accordingly, the complaint will be dismissed with leave to amend.
18      IV.    Leave to Amend
19      If plaintiff chooses to file a second amended complaint, he must use the complaint form
20 provided by the court.  Additionally, he must demonstrate how the conditions about which he
21 complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362,
22 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is
23 involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be
24 no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
25 defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th
26 Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil
27 rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)
28 (citations omitted).

1    Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
2  his second amended complaint complete.  Local Rule 220 requires that an amended complaint be
3  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
4  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
5  1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims
6  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent
7  amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, the
8  previous complaint no longer serves any function in the case.  Therefore, in an amended
9  complaint, as in an original complaint, each claim and the involvement of each defendant must be
10 sufficiently alleged.

11    V.    Summary

12    The first amended complaint is dismissed with leave to amend because the facts plaintiff
13 has alleged are not enough to state a claim for relief.  Plaintiff needs to provide more information
14 about what defendant Pevec did and how it violated his rights.  Specifically, he must state facts
15 that show that defendant Pevec knew about his serious medical needs and ignored the risk.  For
16 example, if plaintiff believes that defendant Pevec ignored his requests for a follow-up, he should
17 provide additional information about the refusal.  Did he submit the request directly to defendant
18 Pevec or did someone else process the request?  What did plaintiff tell defendant Pevec about his
19 condition?  Did the refusal come from defendant Pevec?  In other words, plaintiff may only
20 proceed if he can truthfully allege facts showing that defendant Pevec was aware of his condition
21 and ignored it.  Plaintiff's general claim that he was under the care of the "U.C. Davis team" is
22 also insufficient to state a claim.  If plaintiff wants to make claims against U.C. Davis, he should
23 identify the members of the staff, by name if possible, who he believes caused or ignored the risk
24 to his health and explain how they caused or ignored the risk.  Plaintiff should be clear about
25 whether individual defendants were U.C. Davis employees or prison employees.

26    If plaintiff chooses to amend his complaint, the second amended complaint must include
27 all of the claims plaintiff wants to make because the court will not look at the claims or
28 information in the original complaint.  **Any claims not in the second amended complaint will**

**not be considered.**  For example, in the original complaint, plaintiff identified Dr. Horowitz as a defendant.  ECF No. 1.  However, because he did not make any allegations against her in the first amended complaint, she is no longer a defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The first amended complaint is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint" and must be on the form provided by the Clerk of the Court.  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 4, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE