UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KENT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>U.C. DAVIS MEDICAL CENTER, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1924 WBS AC P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. He has filed a motion to amend the complaint, stating that he seeks to add additional claims and defendants. ECF No. 49. Defendant Rudas opposes the motion. ECF No. 50.

　　　　Leave to amend is to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, plaintiff fails to attach the required copy of his proposed amended complaint that would allow the court to determine whether leave to amend would be appropriate. See Fed. R. Civ. P. 15; L.R. 137(c). Furthermore, plaintiff indicates that he seeks to add new defendants based on events that took place between 2010 and 2011 (ECF No. 49 at 3, ¶ 4), and documents he submitted with his first amended complaint indicate that the claims currently before the court arose in either 2012 or 2014 (ECF No. 22 at 5-13, 15, 23), making it unlikely that joinder of the

////

1

new claims and defendants would be proper.[1]

Plaintiff is advised that multiple claims are properly joined if they are against a single defendant. Fed. R. Civ. P. 18(a). Multiple defendants are properly joined if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts.

Finally, plaintiff states that he needs to add new evidence against defendant Rudas. ECF No. 49 at 3, ¶ 3. It is not clear if this reference to new evidence means plaintiff has new claims or that he is trying to bolster his current claims. Although plaintiff would need to amend the complaint to add new claims or new defendants, he does not need to amend the complaint if he is only seeking to add new evidence about his current claims. Evidence about current claims can be submitted in relation to any future motion for summary judgment, or at trial if the case proceeds to trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend (ECF No. 49) is DENIED.

DATED: January 29, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] In his opposition, defendant argues that the claims would also be time-barred. ECF No. 50 at 3-5. Given the apparent age of the claims, it does appear that they are likely barred by the statute of limitations. However, the court is unable to make a determinative assessment in light of the limited information currently before it.